UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHERIDAN ROBIN NELSON,

    Plaintiff,

    v.

PORT OF SEATTLE, *et al.*,

    Defendants.

Case No. C06-1578RSL

ORDER GRANTING MOTION TO AMEND AND TO REMAND

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiff Sheridan Robin Nelson to amend her complaint to dismiss her federal law claim under 42 U.S.C. § 1983 with prejudice. (Dkt. #7). Plaintiff also requests that the Court decline to exercise supplemental jurisdiction over her remaining state law claims and remand this matter to state court.

For the reasons set forth below, the Court grants the motion to amend and to remand.

ORDER GRANTING MOTION
TO AMEND AND TO REMAND - 1

## II.  DISCUSSION

Plaintiff, a former employee of the Port of Seattle (the "Port"), filed her complaint in King County Superior Court on September 25, 2006 against the Port and two individual Port employees.  The complaint included a claim under 42 U.S.C. § 1983, discrimination and retaliatory discharge claims under the Washington Law Against Discrimination, RCW 49.60 *et seq.*, and a claim for wrongful discharge in violation of public policy.  Defendants removed the case to this Court on November 1, 2006 based on federal question jurisdiction.

**A.    Leave to Amend.**

Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).  A proposed amendment is futile if it could be defeated by a motion to dismiss or if plaintiff cannot prevail on the merits.  See, e.g., Smith v. Commanding Officer, 555 F.2d 234, 235 (9th Cir. 1977).

In this case, defendants argue that the amendment would be futile because plaintiff's claims against the individual defendants are time barred.  Even if that were true, it would not support a finding of futility.  The proposed amended complaint only deletes the Section 1983 claim; it does not seek to add futile claims.  The original complaint contains identical claims against the individual defendants, so if the Court denies the amendment, those claims remain.  Moreover, the Court denies defendants' request, contained in their opposition to plaintiff's motion, to dismiss the claims against the individual defendants.  Defendants have not moved for that relief as required by the Local Rules.  The Court finds no evidence of bad faith or undue delay, or that the

ORDER GRANTING MOTION
TO AMEND AND TO REMAND - 2

proposed amendment would prejudice defendants. Accordingly, plaintiff's motion to amend her complaint to delete her Section 1983 claim is granted.

**B.     Remand and Costs.**

Now that plaintiff has deleted her only federal claim and the parties do not allege diversity, the Court must determine whether to retain supplemental jurisdiction over plaintiff's remaining state law claims. 28 U.S.C. § 1367(c)(3). In exercising its discretion, the Court must consider whether declining jurisdiction over the supplemental claims will comport with "the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Executive Software N. Am. v. U.S. Dist. Court, 24 F.3d 1545, 1554 (9th Cir. 1994). When all claims for which a federal court possessed original jurisdiction are eliminated, "the balance of factors will weigh toward remanding any remaining pendent state claims to state court." Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991). In contrast, a district court may properly retain jurisdiction over state law claims where "substantial judicial resources have been committed and remanding would cause a duplication of efforts." Johnson v. City of Seattle, 385 F. Supp. 2d 1091, 1100 (W.D. Wash. 2005).

In this case, the federal claim has been eliminated at an early stage, and the Court has not expended substantial resources adjudicating this case. Instead, only scheduling orders have been issued. Although the parties have engaged in some limited discovery, fact finding, and legal research, those efforts will not require duplication. Defendants argue that they have spent time complying with federal requirements, like conferring pursuant to Rule 26(f), but that time has not been wasted. Defendants also contend that this Court has established a more expeditious case schedule than the one they had in state

ORDER GRANTING MOTION
TO AMEND AND TO REMAND - 3

court.  Defendants, however, can move the state court for an earlier trial date or file dispositive motions.  The comity factor also weighs in favor of remand.  Resolution of plaintiff's public policy claim turns on the existence of a clear mandate of public policy. There are good policy reasons for allowing the state courts to decide the issue rather than a federal district court or the Ninth Circuit Court of Appeals reviewing this Court's decision.

The Court also considers whether plaintiff has "engaged in any manipulative tactics" in order to return to state court.  <u>Carnegie-Mellon Univ.</u>, 484 U.S. at 357.  There is no evidence that plaintiff asserted the federal claim in bad faith or to manipulate defendants into expending resources removing.  Rather, she has apparently reconsidered her First Amendment claim in light of recent decisions.  <u>See</u> <u>Garcetti v. Ceballos</u>, 126 S. Ct. 1951 (2006). Plaintiff's decision was also prompted in part by her waiver of her jury demand in federal court.  That fact reflects some evidence of forum manipulation, and plaintiff has wasted judicial resources by deciding to delete her federal claim only after removal.  Although that factor weighs in favor of retaining the state law claims, the other factors weigh more heavily against it.  Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

Defendants request an award of fees and costs for preparing and filing the notice of removal.  It is unclear whether 28 U.S.C. § 1447(c) authorizes such an award where, as here, the removal was proper.  Even if an award is authorized, it is not warranted under these circumstances.  <u>See, e.g.</u>, <u>Baddie v. Berkeley Farms</u>, 64 F.3d 487, 491 (9th Cir. 1995) (explaining that a plaintiff may choose a state court forum over her federal claim without sanctions).  Furthermore, an award of costs is not warranted under Federal Rule of Civil Procedure 15.  Defendants cite <u>General Signal Corp. v. MCI Telecomm. Corp.</u>,

ORDER GRANTING MOTION
TO AMEND AND TO REMAND - 4

1  66 F.3d 1500, 1514 (9th Cir. 1995), which explained that a court may impose sanctions
2  pursuant to Rule 15 "to compensate the opposing party for additional costs incurred
3  because the original pleading was faulty." In this case, neither the original complaint nor
4  the proposed amended complaint was faulty. Accordingly, the Court will not impose fees
5  and costs.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiff's motion to amend and to remand (Dkt. #7). This case is REMANDED to King County Superior Court. The Clerk of the Court is directed to transmit a copy of the file to King County Superior Court.

DATED this 5th day of March, 2007.


_____
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO AMEND AND TO REMAND - 5